IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0343-22** |
| | GPD Report NOS. 21-10914/22-13561 |
| vs. | |
| | DECISION AND ORDER |
| **RICKEY CHRIS MCINTOSH, JR.,** | RE. DEFENDANT'S MOTION TO |
| aka Rickey Chris McIntosh, aka Ricky | DISMISS INDICTMENT FOR |
| Chris McIntosh, aka Ricky Chris McIntosh, | MISJOINDER OF OFFENSES |
| Jr., aka Joey Tole Chariss Santiago, | |
| DOB: 03/15/1977 | |
| Defendant. | |

## I.  **INTRODUCTION**

This matter came before the Honorable Judge Maria T. Cenzon on June 14, 2024, for a hearing on Defendant Rickey Chris McIntosh, Jr.'s ("Defendant") Motion to Dismiss Indictment for Misjoinder of Offenses (the "Motion"). Present at the hearing were Defendant, in person, with counsel Mark S. Smith via Zoom, and Assistant Attorney General Kristine B. Borja in person for the People of Guam ("the People"). After hearing oral arguments from the parties, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After reviewing the Defendant's Motion, the People's Opposition, the Defendant's Reply, oral arguments from the Defendant and the People, and the applicable statutes and case law, the Court now issues this Decision and Order **DENYING** Defendant's Motion.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

On May 21, 2022, the People filed a Magistrate's Complaint charging Defendant with the following offenses: the First Charge of Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony), the Second Charge of Criminal Mischief (As a Third Degree Felony), the Third Charge of Eluding a Police Officer (As a Misdemeanor), and the Fourth Charge of Reckless Conduct (As a Misdemeanor). *See* Magis. Compl. (May 21, 2022). On May 27, 2022, a grand jury returned an Indictment in this matter charging the Defendant with the same offenses. *See* Indictment (May 27, 2022).

**A. The Alleged Incident on May 5, 2022**

The indictment stems from events that are alleged to have occurred on May 5, 2022, and May 20, 2022. As set forth in the Declaration of Probable Cause, on May 5, 2022, Guam police met with Marciano Patricio, a United States Marshal. Patricio stated that he and other local and federal marshals had attempted to execute a parole warrant on the Defendant. *See Declaration,* Magis. Compl. (May 21, 2022). Patricio, in an unmarked vehicle, followed the Defendant's vehicle to a residence. *Id.* Patricio then exited his vehicle, announced his presence, and the Defendant's vehicle drove around the yard. *Id.* While driving out of the residence, the defendant's vehicle narrowly missed marshals who were outside the residence, but hit Patricio's 2013 Ford Explorer, which police noted had scratches and marks on the bumper. *Id.* The marshals did not pursue the Defendant upon the belief that he was dangerous due to his extensive criminal history. *Id.*

## B. The Alleged Incident on May 20, 2022

On May 20, 2022, Guam police observed two motorcycles traveling at a high rate of speed on Route 1. *Id.* Other motorists were observed having to break or swerve to avoid colliding with the motorcycles. *Id.* Police attempted a traffic stop, but the motorcycles did not stop. *Id.* One motorcycle with an operator and a passenger turned onto Wusstig Road and a police officer pursued them. *Id.* The motorcycle eventually stopped and both riders fled on foot into the jungle. *Id.* As she fled, the female passenger threw a bag that she was wearing onto the ground. Both riders were apprehended by the police; the male rider was identified later as the Defendant and the female passenger was a juvenile. *Id.* Police searched the Defendant and discovered 8.79 grams of a white substance and a glass pipe. *Id.* The substance tested presumptive positive for methamphetamine. *Id.* Police searched the thrown bag, which contained 44.64 grams of a white substance that later tested presumptive positive for methamphetamine. *Id.* The bag also contained one thousand five hundred dollars ($1,500.00). *Id.* The female passenger told police that she asked the Defendant for a ride. *Id.* The Defendant was wearing a backpack which made her uncomfortable, so the Defendant told her to hold onto it. *Id.* She also told police that the bag belonged to the Defendant. *Id.*

## C. The Filings of the Motion, Subsequent Filings, and Motion Hearing

On March 15, 2024, Defendant filed a Motion to Dismiss the Indictment for Misjoinder of Offenses. On March 29, 2024, the People filed their Opposition to the Defendant's Motion. The Defendant filed a Reply to the People's Opposition on April 8, 2024. On June 14, 2024, the Court heard further oral arguments on the Motion, and subsequently placed the matter under advisement pursuant to CVR 7.1(e)(6)(D).

## III.  DISCUSSION

**A. The Court finds that Joinder of Offenses is appropriate.**

The Court first turns to the charges alleged in this matter and whether joinder of offenses is appropriate. According to Guam law, joinder of offenses is appropriate when the offenses charged "are of the same or similar character or based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 GCA §55.35(a).

The Defendant moves the Court to dismiss for misjoinder of offenses because the offenses charged are not of the same or similar character, not based on the same act or transaction, and are not part of a common scheme. Def.'s Mot. Dismiss at 4-5 (Mar. 15, 2024). The Defendant argues that "the only similarity identifiable from the allegations in the Indictment is the Defendant." *Id.* at 5. Defendant asserts that the second charge, Criminal Mischief (As a Third Degree Felony), is of a different character than the other charges. *Id.* at 5. Additionally, Charge Two does not have any overlapping evidence with the other charges in the indictment. *Id.* at 5.

The People oppose that motion, arguing that all four charges in the indictment stem from the same investigation. People's Opp'n. At 4 (Mar 29, 2024). The People do not dispute that Charge Two occurred on a different date than the other charges. *Id.* However, the People argue that the investigation for Charge Two was open when the investigation for the other charges began. *Id.* Additionally, the People state that the arresting officer was the same for all the charges and that the charges share a material witness. *Id.*

8 GCA § 55.35 originates from the Federal Rules of Criminal Procedure Rule 8. *See Note,* 8 GCA § 55.35. Therefore, the Court may turn to federal cases for guidance in interpreting related local statutes. *See Benavente v. Taitano,* 2006 Guam 15. Trial courts have broad discretion in

deciding severance of trials. *U.S. v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). In determining whether offenses are properly joined, courts traditionally consider "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *U.S. v. Taylor*, 54 F.3d 967, 973 (1st. Cir. 1995) (citations omitted). Further, "the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007). Some factors that may be considered are the elements of the offenses, the temporal proximity of the acts, overlapping evidence, and logical relation of facts. *Id* at 574, 578. "Where there is substantial overlap in evidence between two offenses, joinder eliminates the need to prove substantially the same evidence twice over, thus realizing precisely the kind of economy envisaged by Rule 8(a)." *Howerton v. United States*, 964 A.2d 1282, 1292 (D.C. 2009).

Here, the Court looks to the underlying allegations in determining whether joinder is appropriate in this case. The event which forms the basis of Charges One, Three, and Four that led to the Defendant's arrest on May 20, 2022, took place fifteen (15) days from the event on May 5, 2022, when the events upon which the Second Charge occurred. The Court finds that the time-period between events weighs in favor of joinder. *See U.S. v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984) (after examining prior cases where joinder was affirmed for offenses occurring during time periods including eight months, two-years, and five months, finding "the time-period factor period is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined."). The Court also finds that, as contained within the Complaint, a nexus of fact relates both events together that constitute a similar character. Both events involve similar characteristics of alleged efforts and to avoid law enforcement. On May 5, the Defendant is alleged to have "aggressively drove around the yard"

after Patricio announced the presence of law enforcement. *See Declaration*, Magis. Compl. (May 21, 2022). The Defendant narrowly missed colliding with the other vehicles and the marshals standing next to their vehicles. *Id.* Defendant eventually sideswiped Marshal Patricio's blue Ford Explorer, after which the Defendant fled the scene. *Id.* On May 20, Guam police observed two motorcycles traveling at a high rate of speed on Route 1. *Id.* Other motorists were observed having to break or swerve to avoid colliding with the motorcycles. *Id.* Police attempted a traffic stop, but the motorcycles did not stop. Police observed one of the motorcycles, operated by the Defendant, stopped near a house where the Defendant and the other occupant fled on foot. *Id.* The police apprehended the other occupant identified as a female juvenile, and the Defendant was apprehended after struggling with police. *Id.* The common nexus of fact between the two events, specifically the Defendant's alleged aggressive driving and alleged fleeing from law enforcement, constitute a similar character sufficient for a joinder of offenses.

Finally, the People assert that the events are connected by an ongoing investigation that began on May 5, specifically conducted by a police officer who investigated the event on May 5 and who made the eventual arrest on May 20. Opp'n at 4. The Defendant argues in his Reply that such a fact alone does not satisfy the requirements set forth by Section 55.35. *See* Def.'s Reply at 1-2 (Apr. 8, 2024). The Court finds that, while the ongoing investigation would not alone sufficiently merit a joinder of offenses, the circumstances and common characteristics of the alleged incidences, the proximity in time between events, together with the ongoing investigation connecting to the two events satisfy the requirements of Section 55.35(a). As such, joinder is appropriate in this case.

## B. The Court finds that a Joinder of Offenses is not Unduly Prejudicial

The Court next turns to whether a joinder of offenses would unduly prejudice the Defendant. Guam law provides that the court has discretion to grant severance of offenses "if it appears that a defendant or the government is prejudiced by a joinder of offenses. . ." 8 GCA § 65.35. Section 65.35 originates from Federal Rules of Criminal Procedure Rule 14, *see Note*, 8 GCA § 65.35, thus federal case law is instructive here as before. *See Benavente*, 2006 Guam 15. Although joinder may be proper, severance may still be required if the defendant or the government is prejudiced by such joinder. *See U.S. v. Cardwell*, 433 F.3d 378 (4th Cir. 2005). "Such cases, however, will be rare. It is not enough for the defendant to show that severance offers him a 'better chance of acquittal.'" *Id.*

The Defendant argues that if the Court finds that a joinder is appropriate, the Court should alternatively order severance of each of the charges. The Defendant argues that if the charges are not severed into separate trials, he will be prejudiced by the misjoinder of charges. Mot. at 5. Defendant claims that without severance, evidence that would otherwise be inadmissible in a separate trial will be placed before the jury, raising concerns that the jury would not be able to "compartmentalize the evidence." *Id* at 6. The People counter that well-defined jury instructions will cure any concerns of prejudice. Opp'n at 4. The People further state that jury instructions will explain to the jury how they may review the evidence for each charge. *Id.*

The Court generally includes the following instruction when a Defendant is charged with multiple offenses in the same charging document: "A separate crime is charged against the Defendant in each Charge. You must decide each Charge separately. Your verdict on one Charge should not control your verdict on any other Charge." *See People v. Jung*, 2001 Guam 15 at ¶ 25 (jury instructions, as part of the written Closing Jury Instructions, that instructed to consider the

charges and counts separately as to the issue of insanity, were sufficient for a jury to separately consider each charge); *see also* Ninth Circuit Manual of Model Criminal Jury Instructions 6.11. The Court finds that including this instruction is sufficient to cure any potential prejudice, especially when the language is carefully crafted with input from the parties. *See People v. Aguon,* 2020 Guam 24 ¶¶ 27-28 (trial court appropriately issued curative jury instruction that were crafted with the consultation and active participation from the parties). Moreover, any risk of prejudice can be cured by issuing proper jury limiting instructions, as "the jury is presumed to follow the jury instructions." *Id. ¶ 30; see also Zafiro v. United States,* 506 U.S. 534, 540 (1993) (citation omitted). Thus, the Defendant fails to establish that he will be subject to undue prejudice if the charges are not severed.

## IV. CONCLUSION

For the above reasons, the Defendant's Motion to Dismiss Indictment for Misjoinder of Offenses is **DENIED.**

Notice of new trial dates in this matter shall be forthcoming.

**SO ORDERED** this 12th day of September.

_____
**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
acknowledge that an electronic
Copy of the original was e mailed to
*AG, Mark Smith*
_____

Date *9-12-24* Time *3:05pm*
*Albert Caldo*
Deputy clerk, Superior Court of Guam